MICHAEL S. BISSELL
CAMPBELL & BISSELL, PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, Washington 99204
Telephone: (509) 455-7100
Facsimile: (509) 455-7111
Email: mbissell@campbell-bissell.com

Attorneys for Use Plaintiff All Wall Contracting, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of ALL WALL CONTRACTING, INC., a Washington corporation;<br><br>                  Plaintiff,<br><br>vs.<br><br>INUIT – NCI JV, an Alaska joint venture; and SAFECO INS. CO. OF AMERICA and GENERAL INSURANCE CO. OF AMERICA, co-sureties on Bond No. 6648169,<br><br>                  Defendants. | Case No.:<br><br>**COMPLAINT**<br>**(Miller Act – 40 USC §§3131-3134)** |

Plaintiff United States of America, for the use and benefit of All Wall Contracting, Inc. ("All Wall"), alleges as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the facts giving rise to jurisdiction arise under the Miller Act, 40 U.S.C. § 3131 *et. seq.* This Court also has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to

28 U.S.C. § 1367, because those claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## II. VENUE

2. Venue is proper in the United States District Court for the District of Alaska pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2), as the contract and work were performed in Nome, Alaska.

## III. PARTIES

3. All Wall is a Washington corporation which at all times material herein was authorized to conduct business in the state of Alaska under Business License No. 269402, and is qualified in all respects to maintain this action.

4. Defendant Inuit-NCI JV is an Alaska joint venture, Alaska Business License No. 929898, with its principal place of business in Anchorage, Alaska. The joint venturers are Inuit Services, Inc. and Neeser Construction, Inc., both of which are Alaska corporations. Neeser Construction is the managing partner of the joint venture.

5. Defendants Safeco Insurance Company of America and General Insurance Company of America (collectively, "the Sureties") are, upon information and belief, Washington corporations engaged in the compensated surety business.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about August 19, 2009, Inuit-NCI JV entered into a contract with the United States (Department of Health & Human Services – Indian Health Service) for the construction of the Norton Sound Regional Hospital in Nome, Alaska, Contract No. HHSI102200900010C ("the Project").

7. Pursuant to the Miller Act, Inuit-NCI JV and the Sureties executed Payment Bond No. 6648169 for the protection of persons supplying labor and materials to the Project. A copy of the bond is attached hereto as **Exhibit A**.

8. On or about March 9, 2010, Inuit-NCI JV entered into a Subcontract ("the Subcontract") with All Wall for the performance of certain work on the Project. A copy of the Subcontract is attached hereto as **Exhibit B**. All Wall is within the class of persons protected by Inuit-NCI JV's bond.

9. All Wall has complied with all of its express and implied contractual obligations to Inuit-NCI JV.

10. As a consequence of defective specifications, lack of coordination by Inuit-NCI JV, and various requests, demands and actions by Inuit-NCI JV, All Wall provided labor and materials beyond the requirements of the Subcontract.

11. All Wall is entitled to additional compensation for the costs associated with the foregoing, together with overhead (10%) and profit (10%), the majority of which is documented in Change Orders 2, 3 and 4, attached hereto as **Exhibits C**, **D** and **E**, respectively. A summary of amounts owed is attached hereto as **Exhibit F**, which shows a principal amount due of $654,430.78.

12. Despite repeated demand, Inuit-NCI JV has failed to pay the amounts owing.

13. Upon information and belief, Inuit-NCI JV contends that certain amounts claimed by All Wall are in fact "pass-through" claims, and as such All Wall is only entitled to compensation for those claims in the amount Inuit-NCI JV recovers from the government.

14. Upon information and belief, Inuit-NCI JV has failed to prosecute the alleged pass-through claims.

15. More than 90 days, but less than one year, has passed since All Wall provided labor and materials to the Project.

## V. APPLICABLE LAW

16. Section 35 of the Subcontract provides that "To the extent the dispute is governed by state law, the law applied shall be that of the State of Alaska . . ."

## VI. CAUSES OF ACTION

### BREACH OF CONTRACT

17. All Wall re-alleges paragraphs 1-16 above.

18. All Wall performed all duties, obligations, conditions precedent and statutory requisites necessary for payment.

19. Inuit-NCI JV breached its express and implied contractual obligations to All Wall, including the implied obligation of good faith and fair dealing.

20. As a result of Inuit-NCI JV's failure to make timely payment and/or to prosecute the alleged pass-through claims, All Wall has been damaged in the amount of at least $654,430.78, plus interest, costs, expenses and attorneys fees as allowed by Section 22 of the Subcontract.

## QUASI-CONTRACT
(Alternative Cause of Action)

21. All Wall re-alleges paragraphs 1-20 above.

22. The above facts demonstrate that All Wall conferred a benefit upon Inuit-NCI JV which Inuit-NCI JV appreciated, accepted and retained, and that under the circumstances it would be inequitable for Inuit-NCI JV to retain the benefit of All Wall's materials and services without paying the value thereof.

23. All Wall should be compensated to the extent necessary to prevent Inuit-NCI JV from being unjustly enriched at All Wall's expense.

## MILLER ACT CLAIM, 40 U.S.C. §§3131-3134

24. All Wall re-alleges paragraphs 1-23 above.

25. All Wall has met all the requirements under the Miller Act for recovery against the bond in the amount of at least $654,430.78.

## VII. PRAYER FOR RELIEF

Wherefore, All Wall prays for relief as follows:

1. Judgment against Inuit-NCI JV and the Sureties, jointly and severally, in the principal sum of at least $654,430.78;

2. For an award of pre- and post-judgment interest;

/////

/////

/////

/////

/////

3. For an award of costs, expenses and attorneys fees as allowed by law and contract; and

4. For such other and further relief as the Court deems just and equitable.

DATED this 29th day of October, 2013.

            CAMPBELL & BISSELL, PLLC
            Attorneys for Plaintiff All Wall Contracting, Inc.

            s/ *Michael S. Bissell*
            MICHAEL S. BISSELL
            820 W. 7th Avenue
            Spokane, WA 99204
            Telephone: (509) 455-7100
            Facsimile: (509) 455-7111
            Email: mbissell@campbell-bissell.com
            Alaska Bar No. 9605009

Data\1195\Inuit-NCI\Drafts\Complaint.doc

COMPLAINT                  All Wall Contracting, Inc. v. Inuit – NCI, JV, et al
Page 6 of 6                    Case No.: _____

Case 3:13-cv-00209-RRB    Document 1    Filed 10/29/13    Page 6 of 6